NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0565n.06

Case No. 25-3076

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| ENCORE INDUSTRIES, INC., DBA ENCORE PLASTICS, | ) ) ) | **FILED** Dec 08, 2025 KELLY L. STEPHENS, Clerk |
| Plaintiff - Appellant, | ) ) |  |
| v. | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO |
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA; AMERICAN GUARANTEE & LIABILITY INSURANCE COMPANY, | ) ) ) ) ) | OPINION |
| Defendants - Appellees. | ) ) |  |

Before: GIBBONS, McKEAGUE, and RITZ, Circuit Judges.

**RITZ, Circuit Judge.** Encore Industries is an Ohio-based plastics manufacturer. After one of its employees was killed on the job, the employee's family sued Encore in Ohio state court. The parties later settled.

At the time, Encore was insured by Travelers Property Casualty Company and American Guarantee & Liability Insurance Company. Although Travelers and American Guarantee defended Encore in the Ohio litigation, they refused to indemnify Encore for the settlement amount. So Encore sued the insurers in federal court, seeking a declaratory judgment that the insurers were obligated to indemnify Encore and claiming damages. The parties moved for judgment on the pleadings, and the district court granted the insurers' motions and denied Encore's. Encore appeals. For the following reasons, we affirm.

## BACKGROUND

### I.  State litigation

In 2021, an Encore factory employee, Todd Shaffer, was killed after entering the side door of a thermoforming trim press machine to unclog a jam.  Shaffer was inside the machine when its "conveyor activated" and "began running, trapping [his] head and neck."  RE 1-3, State Ct. Compl., PageID 113.

Shaffer's family sued Encore and others in Ohio state court.  Against Encore, the family claimed wrongful death, "survivorship," loss of consortium, and a violation of Ohio's employer intentional-tort statute, Ohio Rev. Code § 2745.01.  *Id.* at PageID 114-15, 121-23.  The Shaffers argued that Encore was liable for Todd's death because, during a 2019 redesign of the trim press, Encore purposefully removed safety equipment from the machine.  The allegedly removed "interlock guards" were "designed to . . . prevent[] an employee from being trapped in between moving parts of the press and/or conveyor, so long as one of the [machine's] side doors was open."  *Id.* at PageID 92-93.

At the time of Shaffer's death, Encore was insured by Travelers and American Guarantee. The Travelers policy, which capped liability payouts at $1 million per incident, covered legal damages owed by Encore "because of bodily injury to [Encore's] employees" caused "by accident."  RE 1-1, Travelers Pol'y, PageID 21-22.  In an endorsement applicable to "work in Ohio," the policy excluded from coverage damages from "bodily injury directly intended by the insured."  *Id.* at PageID 31.

American Guarantee's policy, in turn, required it to pay damages that exceeded the Travelers policy's payout limit but were otherwise covered by that policy's terms.  So, the

American Guarantee policy, like the Travelers policy, covered bodily injury to workers except those injuries directly intended by Encore.

Travelers defended Encore against the Shaffer state-court lawsuit, which the parties eventually settled. The insurance companies nonetheless refused to indemnify Encore for the settlement amount, citing the policies' intentional-injury exclusion.

## II.    Federal litigation

Encore sued the insurers in federal court, seeking a declaratory judgment that the insurers were obligated to indemnify Encore. Encore also asked for damages for breach of contract and bad faith refusal to indemnify. After Travelers and American Guarantee filed answers to the complaint, all three parties moved for partial judgment on the pleadings. The district court granted the insurers' motions and denied Encore's.

Because Ohio employers are generally immune from workplace tort liability subject to narrow statutory exceptions, *see Rudisill v. Ford Motor Co.*, 709 F.3d 595, 601-02 (6th Cir. 2013), the district court first determined that "the only claim upon which damages could [have] be[en] awarded" against Encore in the underlying state-court suit was the intentional-tort claim brought under Ohio Revised Code § 2745.01. RE 25, Op., PageID 286 (citation omitted). The case therefore hinged on interpreting that statute. The district court concluded that § 2745.01 makes employers liable only when they act with "direct intent" to injure "or its essential equivalent." *Id.* at PageID 293 (discussing Ohio Rev. Code § 2745.01(A), (B)), 295-96 (concluding the same for § 2745.01(C)). Accordingly, because the insurance policies did not cover injuries directly intended by Encore, they necessarily precluded coverage for claims arising under § 2745.01.

The court dismissed Encore's breach of contract claim for the same reason. Then, citing *Dakota Girls, LLC v. Philadelphia Indemnity Insurance Co.*, 17 F.4th 645 (6th Cir. 2021), the

court dismissed the bad faith claim because "the underlying coverage question was resolved in the insurer's favor." *Id.* at PageID 299-300. Encore appealed.

## ANALYSIS

## I.      Standard of review

We review an order granting judgment on the pleadings de novo. *United Food & Com. Workers, Loc. 1995 v. Kroger Co.*, 51 F.4th 197, 202 (6th Cir. 2022). When reviewing a plaintiff's motion for judgment on the pleadings, we ask "whether the plaintiff's petition, stripped of those allegations which are denied by the defendant's answer, would leave the petition stating a cause of action against the defendant." *Id.* at 202 (quoting 61A Am. Jur. 2d, Pleading § 497 (2021)).

## II.      Discussion

The parties agree that the Shaffers' only actionable claim against Encore in state court was a violation of Ohio Revised Code § 2745.01. Encore argues that § 2745.01 creates liability under two different categories of intent: "direct" and "substantially certain" to cause injury. CA6 R. 21, Appellant Br., at 19-27. But the plain terms of the statute, case law, and historical context contradict Encore's interpretation. Because, under § 2745.01, the Shaffers could only have brought a claim for injuries directly intended by Encore, and Travelers and American Guarantee's policies exclude coverage for such injuries, the district court properly granted the insurers' motions for judgment on the pleadings.

### A.      Direct intent under Ohio Revised Code § 2745.01

#### 1.      Historical context

Under Ohio's workers' compensation scheme, employees are "guaranteed compensation for injuries arising out of their employment, regardless of fault." *Rudisill*, 709 F.3d at 601. In return, they "waive the right to bring tort actions against their employers for workplace injuries."

*Id.* Thus, workers' compensation benefits are the exclusive remedy for injured employees, with limited exceptions. *Stetter v. R.J. Corman Derailment Servs., L.L.C.*, 927 N.E.2d 1092, 1107-08 (Ohio 2010). Historically, these exceptions included instances where an employer (1) acted with "deliberate intent" to cause an injury or (2) believed his actions were "substantially certain" to result in an injury, even when he did not intend to cause the injury that occurred. *Rudisill*, 709 F.3d at 602. But with § 2745.01(A), the Ohio legislature superseded this common-law distinction to "significantly curtail" common-law damages arising from the "substantially certain" category of employer torts. *Stetter*, 927 N.E.2d at 1100.

The result, as we have observed, was a "statute at war with itself." *Rudisill*, 709 F.3d at 602. Subsection (A) of § 2745.01 imposes liability against an employer where the employer acts with (1) "the intent to injure another" or (2) "the belief that the injury was substantially certain to occur"; however, subsection (B) defines "substantially certain" as "act[ing] with deliberate intent to cause an employee to suffer an injury . . . or death." Ohio Rev. Code § 2745.01(A)-(B). "So what appears at first glance as two distinct bases for liability is revealed on closer examination to be one and the same." *Rudisill*, 709 F.3d at 603.

The Ohio Supreme Court agrees with this interpretation. *See Kaminski v. Metal & Wire Prods. Co.*, 927 N.E.2d 1066, 1079 (Ohio 2010) (finding statute applies only where "an employer acts with specific intent to cause an injury"). "The upshot is that tort-law remedies for workplace injuries in Ohio are limited to those resulting from the employer's deliberate intent to injure." *Rudisill*, 709 F.3d at 603.

### 2. Subsection (C)

To assist employees in proving this level of intent, Subsection (C) of § 2745.01 creates a rebuttable presumption that "[d]eliberate removal by an employer of an equipment safety guard

. . . was committed with intent to injure another if an injury . . . occurs as a direct result." Ohio Rev. Code § 2745.01(C). As the Ohio Supreme Court has explained, though, this presumption does not change the intent an employee must prove under the statute: "The whole point of [§] 2745.01(C) is to presume the injurious intent required under divisions (A) and (B) in the absence of direct evidence." *Hoyle v. DTJ Enters., Inc.*, 36 N.E.3d 122, 130-31 (Ohio 2015) (citation modified).

Notwithstanding the plain meaning of the statute and clear guidance from the Ohio Supreme Court, Encore insists that employers can be liable under Subsection C without a showing of direct intent. It argues that because deliberate removal of a safety guard was within the "substantially-certain flavor of intentional tort" under the common-law scheme, Subsection C codifies this indirect intent (though Encore concedes "the statute does its best to obscure [this] connection"). CA6 R. 21, Appellant Br., at 22, 25. But Encore cannot get around the Ohio Supreme Court's holding that a showing of direct intent is required to impose liability under Subsection C. *See Hoyle*, 36 N.E.3d at 130-31. And although this court in *Rudisill* observed that Subsection C "moderate[s]" the specific-intent requirement of Subsections A and B, we did not impose a different level of intent for claims brought under Subsection C. CA6 R. 21, Appellant Br., at 26 (citing *Rudisill*, 709 F.3d at 603). Indeed, Encore cannot point to any cases where Ohio courts found that § 2745.01 created different tiers of intent.

Separately, Encore argues that because Ohio law still generally distinguishes between torts committed with direct intent to injure and substantial certainty of injury, Section 2745.01 necessarily does as well. To be sure, intentional torts are uninsurable under Ohio law subject to an exception for torts committed with substantial certainty of injury. *Harasyn v. Normandy Metals, Inc.*, 551 N.E.2d 962, 965-66 (Ohio 1990). After the enactment of § 2745.01, the Ohio

Supreme Court declined to abrogate this distinction for intentional torts committed by employers, even though § 2745.01 eliminated the "substantial certainty" category. *Hoyle*, 36 N.E.3d at 132 ("Because the terms of the [insurance policy] preclude coverage in this case, we need not broadly determine whether the rationale in *Harasyn* remains applicable in light of the subsequent enactment of [§] 2745.01 or whether Ohio public policy prohibits any type of indemnity coverage for employer intentional torts.").

But even so, the Ohio Supreme Court in *Hoyle* nonetheless concluded § 2745.01 required a showing of deliberate intent either "with direct evidence under [Subsection] (A) or with an unrebutted presumption under [Subsection] (C)." *Id.* at 131. So although Ohio law may still recognize different categories of intentional torts as a general matter, Section 2745.01, which specifically governs employer intentional torts, does not.

Ultimately, Encore cannot overcome the plain meaning of the statute and clear, repeated instructions from Ohio courts that liability under § 2745.01 requires direct intent. Accordingly, the district court correctly interpreted the statute.

## B. The policies' coverage

Travelers' and American Guarantee's insurance policies exclude coverage for liability under § 2745.01. These policies are limited to "bodily injury by accident" and exclude coverage for "bodily injury directly intended by the insured." RE. 1-1, Travelers Pol'y, PageID 20, 31; RE 1-2, Am. Guar. Pol'y, PageID 41-42, 45. Although undefined in the policy, the Ohio Supreme Court has used "direct intent" interchangeably with "deliberate intent" and "specific intent" in analyzing § 2745.01. *See Kaminski*, 927 N.E.2d at 1079-80, 1085.

Because the policies use the word "directly" to modify "intended," Encore argues the policies recognize the existence of more than one type of intent, namely "indirect" intent;

otherwise, Encore reasons, the word "directly" would be superfluous. CA6 R. 21, Appellant Br., at 12-14. But even if this were true, the language of § 2745.01 still only imposes liability for injuries directly intended by the employer, as discussed above. *See Hoyle*, 36 N.E.3d at 130-31. Because Encore settled a claim in state court requiring direct intent, Travelers' and American Guarantee's policies exclude coverage of Encore's liability under § 2745.01.

### C.     Bad faith claim

Finally, Encore argues its bad faith claim against the insurers, which was dismissed by the district court, should be reinstated. Encore claims the insurers acted in bad faith because they failed to "acknowledge [that their] duty to indemnify Encore is not predicated on circumstances that furnish reasonable justification." RE 1, Compl., PageID 10. For the reasons discussed above, though, the insurers' coverage interpretations are correct and therefore reasonable. *Dakota Girls*, 17 F.4th at 653.

But even if their positions were ultimately incorrect, "the mere wrongful denial of a claim is not actionable under Ohio law." *Id.* Encore failed to plead any other facts showing the insurers' denials were "totally arbitrary and capricious and without reasonable justification." *Id.* (citation modified). Accordingly, the district court properly dismissed Encore's claim.

### CONCLUSION

For the reasons above, we affirm.